FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

97 OCT 31   AM 10: 01

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **LIFE INSURANCE COMPANY OF GEORGIA,** | ] |
| | ] |
| | ] |
| Plaintiff(s), | ] |
| | ]    CV-97-N-2005-W |
| vs. | ] |
| | ] |
| **MARY H. SPANN, et al.,** | ] |
| | ] |
| Defendant(s). | ] |

**ENTERED**

OCT 3 1 1997

## Memorandum of Opinion

### I.     Introduction.

In this declaratory judgment action, the plaintiff, Life Insurance Company of Georgia ("Life of Georgia"), brings suit against ten of its policyholders ("policyholders"),[1] pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. *Complaint* at ¶ 11. Life of Georgia seeks declaratory judgment as to whether it has breached the insurance contracts between it and its policyholders and whether its policyholders have suffered economic damage as a result of any alleged misconduct by Life of Georgia or its agents. *Complaint* at ¶ 43.

The matter is presently before the court on the defendants' motion to dismiss, filed August 21, 1997. The parties have fully briefed the motion, they have submitted documentary evidence, and they have declined the opportunity to present oral arguments to the court. The motion is ripe for decision, and upon due consideration, it will be granted.

---

[1] Defendants are as follows: Mary H. Spann; Willie C. Spann, Jr.; Alvin Underwood; Lillie D. Beason; Brenda A. Brown; Rebecca Brown; Richard Nobles, Jr.; Janice Patrick; Kathy S. Scott; and James P. Rothwine.

## II.    Procedural History.

Prior to instigation of this lawsuit, the policyholders, all represented by the same attorneys, each filed individual lawsuits against Life of Georgia and its agents[2] in the state courts of Alabama,[3] alleging fraud, fraudulent suppression, innocent fraud, negligent supervision and wanton supervision. *Complaint* at Exhibits A, C, E, G, I, K, M; *Defendants' Reply Brief* at 2.  Specifically, each of these lawsuits allege that Life of Georgia agents sold individual life insurance policies to the policyholders, allegedly guaranteeing to the policyholders that their premiums would never change. *Memorandum Brief in Support of Defendant's Motion to Dismiss* at 3-5.  In fact, what the policyholders bought were Universal Life insurance policies from the Life of Georgia, and the premiums fluctuate with changes in interest rates and the cost of insurance. *Complaint* at ¶ 3, Exhibits 1-8.

After the policyholders filed their lawsuits in state court against Life of Georgia, without admitting any liability, Life of Georgia wrote a letter to each policyholder plaintiff to assure them that their premiums would never change. *Complaint* at ¶¶ 34-40, Exhibits B, D, F, H, J, L, N.  However, a condition of this offer by Life of Georgia was that the policyholders may never "withdraw cash from or take loans against" their policies. *Id.* Therefore, Life of Georgia essentially converted the policyholders' Universal Life policies to term life insurance, claiming that is what the policyholders wanted.

---

[2] The individual lawsuits name the different agents who allegedly sold Life of Georgia life insurance policies to each of the policyholders, and each lawsuit also names fictitious defendants.

[3] These lawsuits are filed in the Circuit Court of Macon County, Alabama, the Circuit Court of Bullock County, Alabama, and the Circuit court of Henry County, Alabama. *Complaint* at Exhibits A, C, E, G, I, K, M.

Next, Life of Georgia removed each of these lawsuits to the federal district court for

the Middle District of Alabama, claiming federal question jurisdiction under the "contract

clause" of the U.S. Constitution.[4]  *Memorandum Brief in Support of Defendant's Motion to*

*Dismiss* at 5.  On the plaintiffs' motions to remand, the federal court found that Life of

Georgia's argument for federal jurisdiction "is not only disingenuous, it hovers in close

proximity to bad faith."  *Scott v. Life Insurance Company of Georgia*, CV-97-M-0243-N

(M.D. Ala. April 1, 1997) (unpublished opinion).

Then, on August 1, 1997, Life of Georgia filed this action in the Northern District of

Alabama.  *Complaint* at 1.  Life of Georgia claims jurisdiction in this court based upon

diversity of citizenship, pursuant to 28 U.S.C. § 1332.[5]  *Complaint* at ¶¶ 12-24.  Life of

Georgia claims proper venue in this court because it is allegedly "brought within the

judicial district in which all the Defendants [plaintiffs in the underlying actions] reside,"

pursuant to 28 U.S.C. § 1391(a).  *Complaint* at ¶ 25.  On August 21, 1997, the policyholders

moved this court to dismiss the present action and to access all costs associated with

defending this action against the Life of Georgia.  *Defendants' Motion to Dismiss Plaintiff's*

*Complaint for Declaratory Judgment* at 3.

## III.    Discussion.

_____

[4]Two of these lawsuits, those brought by Brenda Brown and Alvin Underwood, also asserted federal jurisdiction based upon diversity of citizenship among the parties, and they remain in the federal district court for the Middle District of Alabama. *Memorandum Brief in Support of Defendants' Motion to Dismiss* at 5.

[5]The presence of Life of Georgia agents, as individual defendants, destroyed diversity in all but two of the lawsuits by the policyholders against Life of Georgia. *Memorandum Brief in Support of Defendants' Motion to Dismiss* at 5. However, the agents are not parties in the present action.

Under traditional concepts of the judicial process, the courts may only act when a party is entitled to a coercive remedy, such as a judgment for damages or an injunction. Modern American law, however, recognizes that, at times, parties may have an actual dispute about their rights and obligations, and yet, the controversy may not have ripened to the point that an affirmative remedy is needed. *See Scott-Burr Stores Corp. v. Wilcox*, 194 F.2d 989, 990 (5th Cir. 1952). Similarly, an actual dispute may exist, but the party entitled to a coercive remedy fails to take legal action. *See Smith v. Transit Cas. Co.*, 281 F. Supp. 661, 670 (E.D. Tex. 1968), *aff'd*, 410 F.2d 210 (5th Cir. 1969). In these situations, the declaratory judgment remedy provides a useful solution. In the federal judicial system, such a remedy is available under to the Declaratory Judgment Act, 28 U.S.C. § 2201,[6] and Fed. R. Civ. P. 57.[7]

The federal district court is, however, under no compulsion to exercise jurisdiction over declaratory judgment actions. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491,

---

[6] The Declaratory Judgment Act provides:

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201(a).

[7] Rule 57 provides:

The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar. Fed. R. Civ. P. 57.

494 (1942), *reh'g denied*, 317 U.S. 704 (1942). Whether it should entertain a declaratory

judgment action rests in the sound discretion of the district court.[8] *Provident Tradesmens*

*Bank & Trust Co. v. Patterson*, 390 U.S. 102, 126 (1968); *Abbot Laboratories v. Gardner*,

387 U.S. 136, 155 (1967); *United States Fidelity & Guar. Co. v. Algernon-Blair, Inc.*, 705 F.

Supp. 1507, 1514 (M.D. Ala. 1988) (Thompson, J. presiding); *but see Public Affairs Assoc.,*

*Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (courts cannot refuse to hear declaratory judgment

action on a "whim or personal disinclination").

The federal district court may properly refuse declaratory relief if an alternative

remedy is available. *See MacMillan-Bloedel, Inc. v. Firemen's Ins. Co. of Newark*, 558 F.

Supp. 596 (S.D. Ala. 1983) (Cox , J. presiding). The pendency of another action does not

necessarily bar declaratory relief if the issues in the declaratory judgment action will not

be determined in the other suit. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390

U.S. 102, 125-28 (1968).[9]

Likewise, unnecessary interference with state court litigation should be avoided.

*Samuels v. Mackell*, 401 U.S. 66 (1971); *Brillhart*, 316 U.S. at 495. Insurance companies

properly use the Declaratory Judgment Act to determine such matters as the validity of a

policy, the coverage of a policy, whether the insurer has waived conditions or provisions

of a policy, whether the insurer is required to defend an action against its insured, the

---

[8]According to a recent U.S. Supreme Court decision, a district court's decision to exercise jurisdiction under the Declaratory Judgment Act and Rule 57 is reviewed for abuse of discretion, and de novo review is inappropriate. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995).

[9]Though not entirely apropos, Judge Posner's comment regarding simultaneous litigations of the same issue is instructive— "[T]he question whether a litigant should be able to litigate the same issue at the same time in more than one federal court is an easy one—he should not be." *Crowley Cutlery Co. v. U. S.*, 849 F.2d 273, 279 (7th Cir. 1988).

5

nature and extent of coverage, whether the policy has lapsed for nonpayment of premiums, and other questions about the rights and duties of the insurer and the insured. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 2758, pp 659-64. However, the federal court always has discretion to refuse to hear such actions and commonly will not hear the action if the issues can be satisfactorily resolved in a state court action for coercive relief. *Dresser Indus., Inc. v. Insurance Co. of No. America*, 358 F. Supp. 327 (N.D. Tex. 1973), *aff'd without opinion*, 475 F.2d 1402 (5th Cir. 1973); *U.S. Liability Ins. Co. v. Wise*, 887 F. Supp. 348 (D. Mass. 1995); *Nationwide Mut. Fire Ins. Co. v. Cassel*, 881 F. Supp. 133 (M.D. Pa. 1994); *Palmer v. Boucvault*, 789 F. Supp. 211 (M.D. La. 1992); *Zurich Ins. Co. v. Alvarez by & through Calva*, 669 F. Supp. 307 (C.D. Cal. 1987); *State Farm Fire & Cas. Co. v. Oliver*, 659 F. Supp. 478 (S.D. Miss. 1987).

Thus, a parallel exists between federal abstention doctrine and the court's discretion to decline to entertain a declaratory judgment action. *See Transamerica Occidental Life Ins. Co. v. DiGregorio*, 811 F.2d 1249, 1251 (9th Cir. 1987); *Fuller Co. v. Ramon I. Gil, Inc.*, 782 F.2d 306, 309 n.3 (1st Cir. 1986). The Supreme Court, in *Colorado River Water Conservation Dist. v. U.S.*, recognized that a federal court may abstain from deciding a case where a similar action is pending in state court. 424 U.S. 800, 818 (1976), *reh'g denied*, 426 U.S. 912 (1976). The equitable nature of declaratory judgment actions makes them particularly amenable to *Colorado* abstention. *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983); *Fuller*, 782 F.2d at 309 n.3; *United States Fidelity & Guar. Co.*, 705 F. Supp. at 1518.

6

Furthermore, federal district courts properly decline relief if litigants use the declaratory judgment procedure, and the federal forum, for "procedural fencing" or "in a race for res judicata." *American Auto. Ins. Co. v. Freundt*, 103 F.2d 613, 617 (7th Cir. 1939); *Shell Oil Co. v. Frusetta*, 290 F.2d 689, 692 (9th Cir. 1961). The Declaratory Judgment Act is simply not intended to enable a party to obtain a change of tribunal from state to federal court; *American Auto. Ins.*, 103 F.2d at 617; *Shell Oil*, 290 F.2d at 692; *Dresser Indus.*, 358 F. Supp. 327; *H.J. Heinz Co. v. Owens*, 189 F.2d 505, 508 (9th Cir. 1951), *reh'g denied*, 191 F.2d 257 (1951), *cert. denied*, 342 U.S. 905 (1952), *reh'g denied*, 342 U.S. 934 (1952); nor, is the function of the Act merely to anticipate a defense that could otherwise be presented in a pending state action. *See Great Lakes Dredge and Dock Co. v. Ebanks*, 870 F. Supp. 1112 (S.D. Ga. 1994).

In this case, Life of Georgia has repeatedly sought a federal forum for the resolution of this dispute, first by attempting removal, then by filing this action. Also, the issues in this action are essentially the same as those of the policyholder's pending state court actions. Damages being an element of any claim for fraud or misrepresentation, a declaration by this court in favor of Life of Georgia as to "economic damages" would be dispositive of the policyholder's claims in their state court actions.[10] Similarly, a declaration by this court in favor of Life of Geogia as to any breach of the life insurance contracts would provide a defense to the policyholders' claims in their state court actions. Therefore, the present action in this court is nothing but a rather transparent attempt at forum manipulation by Life

---

[10] Although policyholders alleged damages for "mental anguish and emotional distress," the mainstay of their claims is for economic loss. *Complaint* at Exhibits A, C, E, G, I, K, M.

of Georgia, an alternative remedy is available, and this court, in the exercise of its discretion, will abstain from hearing this action.

## IV.    Conclusion.

Accordingly, the defendants' motion to dismiss will be granted.  The court will enter an appropriate order in conformity with this memorandum opinion.

Done, this 30ᵗʰ of  October, 1997.


_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

8